## In re KINSBURSKY.

District Court, W. D. Pennsylvania. March 6, 1928.

No. 13949.

1. Bankruptcy ⟾114(1)—Necessity for and appointment of counsel for receiver in bankruptcy case are within discretion of court.

Necessity of counsel in bankruptcy case, such as counsel for receiver, and proper person for appointment, are both matters within sound discretion of bankruptcy court.

2. Bankruptcy ⟾114(1)—Referee did not abuse discretion in refusing to appoint attorney for receiver, who was himself an attorney.

Referee, being of the opinion that receiver, himself an attorney, was not in need, or in immediate need, of counsel, *held* not to have abused discretion in refusing appointment of attorney pursuant to application therefor.

In Bankruptcy. In the matter of E. M. Kinsbursky, trading as the Economy Shoe Store. Application on behalf of the receiver

for the appointment of an attorney for the receiver, certified to District Court after refusal of referee to make appointment. Order of referee sustained.

Lewis M. Alpern, of Pittsburgh, Pa., for petitioning creditors.

P. A. Wilbert, of Oil City, Pa., for bankrupt.

Samuel N. Mogilowitz, of Oil City, Pa., receiver.

Thomas J. Callanan, of Oil City, Pa., referee in bankruptcy.

GIBSON, District Judge. The above-entitled case was referred to the referee of Crawford county, special master. A petition was filed on behalf of the receiver, praying that a certain member of the bar of this court, who represented the creditors who filed the petition, be appointed attorney for the receiver. The referee refused to make the appointment, being of the opinion that the receiver, himself an attorney, was not in need, or at least not in immediate need, of counsel. Thereupon, at the request of the receiver, the matter was certified to this court. [1, 2] The attorney suggested by the receiver for appointment as counsel is, in our opinion, both able and reliable. Nevertheless we feel that the refusal of the referee to appoint him must be sustained. The necessity for counsel in a bankruptcy case, and the proper person for appointment as counsel, are both matters within the sound discretion of the bankruptcy court. No abuse of that discretion has been disclosed by the present record, and we shall therefore make an order dismissing the exceptions to the order of the referee and sustaining the referee's action.